**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4915-14T2

BOROUGH OF WEST WILDWOOD,

    Plaintiff-Appellant,

v.

HERBERT C. FREDERICK, PAUL J.
BALDINI, ESQ., and PAUL J.
BALDINI, P.A., and ON NOTICE
TO THE FOLLOWING INDISPENSABLE
PARTIES: DOROTHY TOMLIN, THE
COMMITTEE TO RECALL HERBERT C.
FREDERICK, JACQUELINE FERENTZ,
WILLIAM M. NULL and ROBERT W.
FELTWELL,

    Defendants/Third-party
    Plaintiffs-Respondents,

v.

MUNICIPAL EXCESS LIABILITY
JOINT INSURANCE FUND and
SCIBAL ASSOCIATES, INC.,

    Third-Party Defendants.

_____

Submitted October 6, 2016 — Decided July 14, 2017

Before Judges Lihotz and O'Connor.

On appeal from Superior Court of New Jersey, Chancery Division, Cape May County, Docket No. C-0057-13.

Jacobs & Barbone, P.A., attorneys for appellant (Louis M. Barbone and YooNieh Ahn, on the brief).

Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill, attorneys for respondent Herbert C. Frederick (Mark Pfeffer, on the brief).

Paul J. Baldini, respondent pro se.

PER CURIAM

Plaintiff Borough of West Wildwood (municipality) appeals from a June 10, 2015 General Equity Part order denying its and granting defendants Herbert C. Frederick's and Paul J. Baldini's, Esq., motions for summary judgment.[1]  We affirm.

We briefly recount the salient facts.  The municipality is organized under the Walsh Act commission form of government, N.J.S.A. 40:70-1 to 40:76-27.  In May 2008, Frederick was elected as one of the municipality's three commissioners. During his four-year term as commissioner, he also served as mayor.

Soon after Frederick was elected, a complaint was filed challenging the election results.  Frederick and another

---

[1]  A provision in the order also granted summary judgment dismissal to third-party defendants Municipal Excess Liability Joint Insurance Fund and Scibal Associates, Inc.  This provision in the order was not appealed.

A-4915-14T2

commissioner, who also won the election, retained Baldini to defend them. That matter was withdrawn by the plaintiffs soon after the trial commenced in June 2008. Around this time, Baldini was appointed as the municipality's attorney.

In November 2009, the municipal clerk, defendant Dorothy Tomlin, determined there was a sufficient number of signatures on recall petitions to recall Frederick's election. Tomlin scheduled a recall election for early 2010. In December 2009, Frederick filed a three-count complaint against Tomlin, the municipality, and others. In count one, Frederick primarily alleged Tomlin committed multiple violations of the Uniform Recall Election Law, N.J.S.A. 19:27A-1 to -18, in her capacity as a recall election official. See N.J.S.A. 19:27A-3.

These alleged violations included, but were not limited to, improperly certifying filed notices of intention to recall Frederick; validating recall petitions that contained the signatures of unregistered and nonresident voters; failing to timely serve Frederick with copies of the certified filed petitions; and affording Frederick only five days to challenge Tomlin's certification. Among other things, Frederick sought nullification of the recall petitions, cancellation of the recall election, compensatory damages, and counsel fees.

In count two of his complaint, Frederick alleged defendants violated his civil rights under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2, specifically, N.J.S.A. 10:6-2(c). In count three, he contended defendants engaged in a civil conspiracy. Before trial, count one was bifurcated from the other counts. In February 2010, Frederick prevailed at trial on count one, and the court entered judgment nullifying the recall petitions and cancelling the recall election. The court reserved decision on the remaining relief Frederick sought in count one until the remaining counts were adjudicated.

In December 2010, the entire matter settled before a trial commenced on counts two and three. Third-party defendant Municipal Excess Liability Joint Insurance Fund (MELJIF), which provided insurance coverage for the municipality, negotiated a settlement with Frederick through his attorney. In exchange for MELJIF paying $30,000 to his attorney for his counsel fees, Frederick agreed to dismiss his entire complaint with prejudice.[2] MELJIF also agreed to pay $25,000 toward Tomlin's counsel fees.

Significantly, in addition, MELJIF agreed it would not seek any contribution from the municipality toward the settlement,

---

[2] Although we could not locate in the record the precise amount of legal fees Frederick incurred as a result of litigating the first count, at the time the court rendered its decision on this count in February 2010, his attorney sent an email to MELJIF's agent, third-party defendant Scibal Associates, Inc., stating Frederick's attorney's fees were "approaching $30K."

A-4915-14T2

including having to make any copayment or contribution from its self-insured reserve. In other words, after Frederick prevailed on the first count alleging wrongful acts on the part of its municipal clerk, a count Frederick had little choice but to prosecute expeditiously, the municipality was spared from having to contribute any of its own funds to resolve the entire matter.

In May 2012, MELJIF inadvertently billed the municipality for a portion of the amount MELJIF paid to settle the matter. By September 2012, MELJIF discovered its error and retracted the bill. In November 2013, the municipality filed the within matter against Frederick, Baldini, and Paul J. Baldini, P.A., seeking various relief. Among other things, the municipality sought: (1) the rescission and nullification of the settlement agreement on the ground the board of commissioners never reviewed or ratified the agreement; (2) a declaration Frederick and Baldini engaged in official misconduct; (3) a declaration the settlement agreement was a nullity because it was entered in violation of the law and public policy; and (4) Frederick and Baldini be compelled to return the settlement monies paid on their behalf. Significantly, although the municipality sought the agreement be rescinded as to Frederick and Baldini, it did not similarly request the agreement be rescinded as to Tomlin.

After the close of discovery, plaintiff's motion for summary judgment was denied and defendants' cross-motion for summary judgment dismissal was granted.  For the reasons set forth in his forty-six page written opinion, Judge Raymond A. Batten either denied or determined he could not, as a matter of law, rule upon the relief plaintiff sought in its complaint, and dismissed it with prejudice.

On appeal, plaintiff contends the trial court erred because it failed to find the agreement a nullity at inception and, further, that the agreement and payments made pursuant to the agreement were tainted by "blatant" acts of official misconduct committed by Frederick and Baldini.  We reject these arguments, and affirm for substantially the same reasons as set forth in Judge Batten's thorough and well-reasoned written opinion.  See R. 2:11-3(e)(1)(A).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4915-14T2